## **AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT**

I, Special Agent Alexander P. Afonso, being duly sworn, hereby depose and state that:

INTRODUCTION

1. I am a Special Agent with the Drug Enforcement Administration ("DEA") and have been so employed since graduating from the DEA Academy in Quantico, Virginia in December of 2020. I received extensive training in conducting narcotics investigations, to include: surveillance, undercover, and enforcement operations; management of confidential sources and management of operations which utilize confidential sources; and education in the methods currently employed by drug traffickers and drug trafficking organizations. After graduation, I was assigned to the New England Field Division's Task Force 5 located in Boston, Massachusetts. At the end of March 2021, I was reassigned to the New England Field Division's Cross Border Initiative ("CBI") in North Andover, Massachusetts, where I am currently assigned as a Special Agent. Prior to my employment with DEA, I was employed as a Special Agent with the Diplomatic Security Service in Boston, Massachusetts for approximately three years and then as an Investigator with the Massachusetts Attorney General's Office's Medicaid Fraud Division for approximately one year. I am also a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program in Brunswick, Georgia and of the Diplomatic Security Service's Basic Special Agent Course in Summit Point, West Virginia, where I received additional training in conducting criminal investigations and law enforcement operations. I hold a Bachelor of Science degree from the George Washington University in Washington, District of Columbia.

2. As a DEA Special Agent, I am authorized to investigate violations of the law of the United States, including violations of federal drug laws (for example, 21 U.S.C. § 841) and money laundering offenses (for example, 18 U.S.C. § 1956). My current duties and responsibilities include the investigation of federal crimes, to include those violations referenced above.

3. I have participated in numerous drug investigations, and my experience includes physical and electronic surveillance, surveillance of undercover transactions, the introduction of undercover agents, the execution of search warrants, the effecting of arrests, and debriefings of defendants, informants, and witnesses who had personal knowledge regarding major narcotics

trafficking organizations. I have also reviewed recorded conversations and telephone, financial, and drug records. Through my training and experience, I have become familiar with the manners in which illegal drugs are imported, transported, stored, and distributed, and the methods of payment for such drugs. I have also become familiar with the manners in which narcotics organizations utilize various forms of violence and intimidation in furtherance of their narcotics trafficking activities to protect their operations, members, narcotics, and narcotics proceeds.

4. I have written, applied for, and/or participated in the execution of search warrants, several of which ultimately led to the seizure of large quantities of controlled substances and paraphernalia involved in the manufacture and distribution of controlled substances, United States currency, records of narcotics and monetary transactions, drug customer lists and/or other documents relating to the manufacturing, transportation, ordering, purchasing and/or distribution of controlled substances, as well as the collection, expenditure, accounting, transportation, and/or laundering of drug proceeds.

5. I am submitting this affidavit in support of a criminal complaint charging Corey Buckley ("BUCKLEY") with possession with intent to distribute controlled substances in violation of Title 21, United States Code Sections 841(a)(1) ("the Target Offense").

6. Since this affidavit is being submitted for the limited purpose of obtaining a criminal complaint, I have not included each and every fact known to me concerning this investigation. However, I have set forth all relevant material information I am aware of and the facts that I believe are necessary to establish probable cause to believe that BUCKLEY has possessed with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1).

7. I am personally involved in this investigation and am familiar with the facts and circumstances concerning it. I have received information from a variety of sources, which include my own personal observations, my review of records and information obtained through a variety of databases, information provided to me by other law enforcement officers and personnel, and information provided to me by two confidential sources.

## STATUTORY AUTHORITY

8. This investigation concerns an alleged violation of 21 U.S.C. § 841(a)(1) relating to the possession with intent to distribute, in the District of New Hampshire, controlled

substances including cocaine, a Schedule II controlled substance. Title 21, United States Code, Section 841(a)(1) makes it a crime for any person "knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." Cocaine is a controlled substance pursuant to 21 U.S.C. § 812.

## PROBABLE CAUSE

9. On or about May 3, 2022, I, and other investigators, were conducting electronic surveillance of BUCKLEY's residence at 24 Pollard Rd., Plaistow, New Hampshire. In the afternoon hours, a person who later became a Haverhill Police Department confidential source ("CS") arrived at the residence in CS's vehicle.

10. I am aware of the true name of CS but am not disclosing it at this time to protect CS from retaliation and because public disclosure may jeopardize this ongoing investigation. CS began cooperating with law enforcement specifically as a result of the below-detailed seizure from on or about May 3, 2022.[1] CS has not been charged, but I am aware that CS is cooperating with law enforcement in the hope of leniency with respect to potential drug possession and/or conspiracy charges. CS has no documented criminal history. Other than CS using cocaine, I am not aware of any other derogatory information regarding CS.

11. Upon arrival at the Plaistow residence, CS parked his/her vehicle in front of the garage at the rear (northern) side of the residence. A period of time later, BUCKLEY arrived at the residence and entered through its rear door. Within minutes, CS followed BUCKLEY into the location through its rear door.

12. Approximately 40 minutes after he/she initially arrived, CS returned to his/her vehicle. Approximately one minute later, CS departed in his/her vehicle, and CBI investigators maintained physical surveillance of CS.

13. Approximately five minutes after departing, investigators conducted a motor vehicle stop of CS in his/her vehicle. I and another investigator identified ourselves as law enforcement to CS and explained the purpose of the stop. When asked where CS was coming from, CS stated that he/she had just left "Corey's" house, clarifying "Corey Buckley." When asked if CS had picked up anything from BUCKLEY's residence, CS stated that he/she had

---

[1] CS was established as a confidential source following this seizure. CS had no status as a Haverhill Police Department source during the events of May 3, 2022.

picked up cocaine[2] from BUCKLEY. When asked to, CS immediately handed investigators the cocaine, which the investigators seized. At a later time, an investigator conducted a TruNarc analysis of the cocaine, which returned a result of "Cocaine HCl." An official DEA laboratory analysis and results are still pending.

14. CS agreed to continue speaking with investigators regarding the events leading up to the motor vehicle stop. However, to respect CS's privacy, I and another investigator escorted CS a short distance away further out of public view. Among other things, CS informed investigators that he/she regularly sees BUCKLEY to purchase cocaine. CS has only purchased cocaine from BUCKLEY at BUCKLEY's residence in Plaistow.

15. At approximately 5:22 p.m., CS was released from the motor vehicle stop. CS was never placed in handcuffs and was not charged with any violations of federal or state law.

16. Utilizing electronic surveillance methods at BUCKLEY's Plaistow residence, investigators have observed CS arrive at the location on at least four other occasions prior to his/her cooperation in this investigation and status as a Haverhill Police Department confidential source.

17. On or about May 11, 2022, United State Magistrate Andrea K. Johnstone issued a search warrant for BUCKLEY's residence at 24 Pollard Rd. in Plaistow, New Hampshire. On or about May 19, 2022, agents executed that search warrant. BUCKLEY was present during the search and told investigators that there may be drugs in a certain area of his kitchen. Investigators found what they estimate to be about 100 grams of a white powdery substance that, based on my training and experience, I believe to be consistent with cocaine in that area. In another cabinet in the kitchen, investigators found what they estimate to be about one kilogram of a white powdery substance that I believe, based on my training and experience, to be consistent with cocaine.

CONCLUSION

**18.** Based on the above information, it is my conclusion that there is probable cause to believe that on or about May 19, 2022, in the District of New Hampshire, BUCKLEY

---

[2] Based on CS's statements and my personal observation of the cocaine, I am aware of the quantity of cocaine that CS purchased from BUCKLEY. However, I am not disclosing that amount because I am not aware of how many customers BUCKLEY has that purchase a comparable amount; I am not disclosing the amount in the event that it could be used to identify CS.

possessed with intent to distribute controlled substances including cocaine in violation of Title 21, United States Code, Section 841(a)(1).

Dated: May 20, 2022  /s/ Alexander Afonso
Alexander Afonso
Special Agent
U.S. Drug Enforcement Administration

The affiant appeared before me by telephonic conference on this date pursuant to Fed. R. Crim. P. 4.1 and affirmed under oath the content of this affidavit and application.

_____
Hon. Andrea K. Johnstone
United States Magistrate Judge
District of New Hampshire

Dated: May 20, 2022